

FILED
01 AUG 31 AM 11: 26
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RON KUNTZ, et al., | ) | CASE NO 1:01 CV 1667 |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| KURTIS PRODUCTIONS, LTD., et al., | ) | |
| Defendants. | ) | |

## JOINT ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT

Defendants Kurtis Productions, Ltd. and A & E Television Networks (improperly identified in the Complaint as Arts & Entertainment Television Network, Inc.) jointly state as follows in response to Plaintiffs' Complaint:

### INTRODUCTION

In response to the Introduction of Plaintiffs' Complaint, Defendants admit that this action purports to be one for copyright infringement and seeks injunctive relief, but deny each and every allegation set forth in the Introduction to Plaintiffs' Complaint not specifically admitted herein.

### PARTIES

1. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint, and therefore deny said allegations.

287267-1

2. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and therefore deny said allegations.

3. Defendants admit the allegation set forth in Paragraph 3 of Plaintiffs' Complaint.

4. In response to Paragraph 4 of Plaintiffs' Complaint, Defendants state that A & E Television Networks is a partnership organized under the laws of the State of New York. Defendants deny each allegation set forth in Paragraph 4 of Plaintiffs' Complaint not specifically admitted herein.

## JURISDICTION

5. Defendants admit that this action purports to be one arising under the federal copyright law and that Plaintiffs claim jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

6. Defendants deny the allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

## FACTUAL BACKGROUND

7. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint, and therefore deny said allegations.

8. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of Plaintiffs' Complaint, and therefore deny said allegations.

9. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint, and therefore deny said allegations.

10. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint, and therefore deny said allegations.

11. Defendants deny the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

## COUNT ONE — COPYRIGHT INFRINGEMENT

12. In response to Paragraph 12 of Plaintiffs' Complaint, Defendants admit that Plaintiffs have registered copyrights for seven (7) photographs as described in the Certificates of Registration attached as Exhibits A through H to Plaintiffs' Complaint, which Exhibits establish that the effective date of such registration was April 30, 1999. Defendants deny each and every allegation set forth in Paragraph 12 of Plaintiffs' Complaint not specifically admitted herein.

13. In response to Paragraph 13 of Plaintiffs' Complaint, Defendants state that the photographs at issue were obtained by Defendants from Beverly Lowery, the author of the book entitled "Dead Woman Walking: The Karla Faye Tucker Story" who, on information and belief, had obtained said photographs directly from Karla Faye Tucker and/or her family, and exercised dominion and control over the photographs. The photographs had no copyright notification affixed to them, and one or more of the photographs at issue had previously been published in Ms. Lowery's book. Defendants, therefore, published the photographs as a part of their documentary regarding Ms. Tucker with permission and consent, and with no knowledge of any claim of ownership by Plaintiffs. Defendants deny each and every allegation set forth in Paragraph 13 of Plaintiffs' Complaint not specifically admitted herein.

14. In response to Paragraph 14 of Plaintiffs' Complaint, Defendants state that A & E broadcast its documentary on Karla Faye Tucker on more than one occasion, and has also produced a videotape version of the documentary and made it available for sale to the public. Defendants deny that they had a duty to inquire as to the source of the photos, and deny each and every allegation set forth in Paragraph 14 of Plaintiffs' Complaint not specifically admitted herein.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint

## COUNT TWO – NEGLIGENCE.

17. Defendants incorporate herein their responses to Paragraphs 1 through 16 of Plaintiffs' Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

## COUNT THREE - CONVERSION

23. Defendants incorporate herein their responses to Paragraphs 1 through 22 of Plaintiffs' Complaint.

24. In response to Paragraph 24 of Plaintiffs' Complaint, Defendants admit that they used the photographs at issue without approval from and/or payment to Plaintiffs, but deny that such approval or payment was required.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

## COUNT FOUR – UNJUST ENRICHMENT

27. Defendants incorporate herein their responses to Paragraphs 1 through 26 of Plaintiffs' Complaint.

28. In response to Paragraph 28 of Plaintiffs' Complaint, Defendants admit that they did not create the photographs at issue, but believed they had permission and consent to use such photographs, which contained no visible markings of ownership or restrictions upon use, and which were obtained from author Beverly Lowery and published with her consent.

29. Defendants deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

## COUNT FIVE – INVASION OF PRIVACY

31. Defendants incorporate herein their responses to Paragraphs 1 through 30 of Plaintiffs' Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

In response to Plaintiffs' Prayer for Relief, Defendants submit that Paragraph I of such prayer seeks an unlawful prior restraint in violation of the First Amendment to the United States

Constitution; deny that Plaintiffs have suffered damages in an amount in excess of $75,000; and, deny that Defendants are jointly and severally liable for costs and attorneys' fees as set forth in Paragraph III of Plaintiffs' Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE

34. Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

35. Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

36. Plaintiffs' claims against Defendants are barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

37. Any alleged damages suffered by Plaintiffs were caused solely by acts or omissions of parties other than Defendants.

## FIFTH AFFIRMATIVE DEFENSE

38. Venue is not proper in this Court.

## SIXTH AFFIRMATIVE DEFENSE

39. Plaintiffs forfeited any copyright in the photographs at issue by failing to affix a copyright notice on the photographs and by failing to register the photographs with the copyright office within five (5) years of publication.

## SEVENTH AFFIRMATIVE DEFENSE

40. Defendants' alleged infringement occurred after the photographs were in the public domain and before Plaintiff registered any copyrights regarding the photographs.

## EIGHTH AFFIRMATIVE DEFENSE

41. Defendants' publication of the photographs at issue was a fair use.

## NINTH AFFIRMATIVE DEFENSE

42. Any infringement by Defendants was innocent.

## TENTH AFFIRMATIVE DEFENSE

43. Defendants owe no duty to Plaintiffs, and breached no duty owed to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

44. Defendants have not intruded into Plaintiffs' seclusion, published any embarrassing private facts about Plaintiffs or misappropriated Plaintiffs' name or likeness.

## TWELFTH AFFIRMATIVE DEFENSE

45. Counts Two through Five of Plaintiffs' Complaint are preempted by federal copyright law.

## THIRTEENTH AFFIRMATIVE DEFENSE

46. Plaintiffs have failed to take any steps in mitigation of their damages.

WHEREFORE, having fully answered, Defendants request that Plaintiffs' Complaint be dismissed, with prejudice, and that Defendants be awarded their costs and fees incurred in answering Plaintiffs' Complaint, including reasonable attorneys' fees.

Respectfully submitted,

WALTER & HAVERFIELD LLP

_____
Kenneth A. Zirm (Reg. No. 0010987)
Email: kzirm@walterhav.com
Direct Dial: 216-928-2917
Michael McMenamin (Reg. No. 0010982)
Email: mmcmenamin@walterhav.com
Direct Dial: 216-928-2929

1300 Terminal Tower, 50 Public Square
Cleveland, Ohio 44113-2253
(216) 781-1212 / Fax: (216) 575-0911

Attorneys for Defendants

## CERTIFICATE OF SERVICE

A copy of this Joint Answer of Defendants to Plaintiffs' Complaint was served upon George R. Hicks, Jr., Esq., counsel for Plaintiffs, Weltman, Weinberg & Reis Co., L.P.A., Lakeside Place, Suite 200, 323 Lakeside Avenue, West, Cleveland, Ohio 44113 by regular U.S. mail, postage prepaid, this 31st day of August, 2001.

_____
Kenneth A. Zirm